UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES MICHAEL DAYSON,

            Plaintiff,            Case No. 1:12-cv-1307

v.                                     Honorable Robert Holmes Bell

CASS COUNTY BOARD OF
COMMISSIONERS et al.,

            Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.* The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous because it is barred by the applicable statute of limitations.

**Factual Allegations**

Plaintiff James Michael Dayson presently is incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility, but he complains about events occurring while he was incarcerated as a pre-trial detainee at the Cass County Correctional Facility (CCCF) from November 2006 to May 2007, and from April 2008 to April 2009. He left CCCF in April 2009 because he was sentenced to prison. He sues the following Defendants: the Cass County Board of Commissioners (CCBC), Canteen Services, Inc., and Joseph Underwood, the sheriff of Cass County.

In Count One of the complaint, Plaintiff contends that the CCBC and Sheriff Underwood created a policy requiring inmates who are represented by counsel to obtain legal materials from their attorney. Unrepresented inmates must identify legal materials by a specific citation in order to receive them, and their request must be approved a judge of the Cass County Circuit Court. As a result of the foregoing policy, Plaintiff was not able to bring an action challenging his conditions at CCCF.

In Count Two, Plaintiff alleges that Defendant Underwood created a policy that prohibited Plaintiff from "exercising any aspect of his religious beliefs" while he was confined at CCCF.[1] (Compl., docket #1, Page ID#2.) Plaintiff claims that the policy violated his rights under the First Amendment and RLUIPA.

---

[1] Plaintiff asserts that he is an American Indian practitioner of "Midewewin," and that he requires the use of tobacco to pray. (Compl., docket #1, Page ID#2.) He also alleges that he requires certain items (an abalone shell, sage, cedar, sweetgrass, tobacco, and matches) in order to practice a ceremony called "Smudging." (*Id.* at Page ID## 2-3.) Plaintiff implies that he was not permitted to use tobacco or to practice Smudging.

In Counts Three, Five, and Six, Plaintiff describes a variety of restrictions and harsh conditions at CCCF, which he claims violated his rights under the First and/or Fourteenth Amendments. For instance, Plaintiff claims that he was confined in a maximum security housing unit with limited space and limited opportunity for exercise or out-of-cell activity, and that he was forced to listen to Christian religious services. Also, per CCCF policy, Plaintiff was given a toothbrush that was too short to adequately clean his molars. As a result, those teeth decayed and he had to have two of them filled.

In Count Four, Plaintiff alleges that Defendants conspired to violate his rights under the Fourteenth Amendment. Defendants CCBC and Underwood contracted with Defendant Canteen Services, Inc., to provide meals and store items for inmates at CCCF, but the meals were inadequate. When family members sent Plaintiff money to buy additional items from the prison store, half of that money was deducted to pay for Plaintiff's past room and board at the facility.

As relief, Plaintiff seeks the following: a declaratory judgment recognizing the constitutional violations; compensatory and punitive damages; an order declaring that Michigan's County Reimbursement Act is unconstitutional; an order requiring Defendants to reimburse money collected from Plaintiff for his room and board; and an order requiring Defendants to "erase every citizen's debt for past room and board." (Compl., docket #1, Page ID#6.)

**Discussion**

I.     Section 1983

Plaintiff's action under § 1983 is untimely. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under § 1983.[2] *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.

Plaintiff asserts claims regarding conditions that he experienced between November 2006 and April 2009. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued as early as November 2006, but certainly no later than April 2009, when he left CCCF. He did not file his complaint until November 2012, well past Michigan's three-year limit. Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). In addition, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v.*

---

[2] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. In *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), the Supreme Court applied this federal four-year limitations period to claims alleging racial discrimination under § 1981, because the claims were "made possible" by a 1991 amendment to that statute. *Id.* at 383. In contrast, the catch-all provision does not apply to prisoner claims under 28 U.S.C. § 1983 because, while that statute was amended in 1996, prisoner civil rights actions were not made possible by those amendments.

*Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002). Therefore, Plaintiff's § 1983 action is barred by the applicable statute of limitations.

## II. RLUIPA

Plaintiff's RLUIPA challenge is also untimely. Congress did not include a separate limitations period for bringing an action under RLUIPA. However, other courts have applied the four-year statute of limitations as set forth in 28 U.S.C. § 1658(a), for civil actions "arising under an Act of Congress enacted after [December 1, 1990]." *See, e.g., Al–Amin v. Shear*, 325 F. App'x 190, 193 (4th Cir. 2009); *Congregation Adas Yereim v. City of New York*, 673 F. Supp. 2d 94, 107 (E.D.N.Y. 2009) ("It is undisputed that the four-year catch-all federal statute of limitations, codified at 28 U.S.C. § 1658(a), governs claims brought under RLUIPA.").

Plaintiff's RLUIPA claim challenges Sheriff Underwood's creation of a policy that allegedly "prohibited Plaintiff from exercising any aspect of his religious beliefs" during his confinement at CCCF. (Compl., docket #1, Page ID#2.) For purposes of determining when a claim accrues, the Sixth Circuit has drawn a distinction between a continuing violation occasioned by "continual unlawful acts" and the "continuing ill effects from an original violation." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905–06 (6th Cir. 1988). *See, e.g.*, *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) (continuing non-employment resulting from a discriminatory action is not a continuing violation). The only "unlawful act" alleged in the complaint with respect to Plaintiff's RLUIPA claim is Defendant Underwood's creation of a policy sometime prior to Plaintiff's confinement at CCCF. In other words, Plaintiff does not allege any specific conduct occurring subsequent to his initial date of confinement at CCCF; instead, his claim is based solely on the "ill

effects" of a policy in existence when he first arrived at the facility. If Plaintiff is correct that the policy prevented him from exercising his religion during his entire period of confinement at CCCF, then CCCF officials must have enforced the alleged policy during his first period of confinement, which ended in May 2007. Thus, his claim must have accrued sometime prior to that date. Plaintiff, however, did not file this action until November 2012, more than four years later.

Moreover, even if Plaintiff's second period of confinement at CCCF, which started in August 2008, gave rise to a new RLUIPA claim, that claim would have accrued when Plaintiff again became subject to the alleged policy. Thus, it accrued in August 2008. The latter date is also more than four years prior to the filing of the complaint. Therefore, Plaintiff's RLUIPA claim is also barred by the applicable statute of limitations.

## Conclusion

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Therefore, having conducted the review required by the Prison Litigation Reform Act, the

Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: April 10, 2013                                  /s/ Robert Holmes Bell
                                                            ROBERT HOLMES BELL
                                                            UNITED STATES DISTRICT JUDGE